■ In the Matter of ROBERT BREAKSTONE, as Chairman of the Great Neck Committee for Human Rights, et al., Appellants, v. FRANK B. NUSS, as Acting Mayor of the Village of Great Neck Plaza, Inc., et al., Respondents.— In a proceeding under article 78 of the CPLR to review a determination of the Acting Mayor of the Village of Great Neck Plaza, Inc., which dismissed a complaint made by petitioners against respondent employment agencies under article 11 of the General Business Law, the petitioners appeal: (1) from two orders of the Supreme Court, Nassau County, dated respectively January 31, 1964, granting the several cross motions of the respondents to dismiss the petition; and (2) from an order of said court, made March 16, 1964 upon reargument, which adhered to the original decision. Appeal from orders of January 31, 1964 dismissed, without costs. These orders were superseded by the order of March 16, 1964 which granted reargument. Order dated March 16, 1964 affirmed, without costs. Under the statute here involved (General Business Law, § 189, subd. 5), there is no right to review a determination by a hearing officer where the complaint is dismissed. The statute confers a right of review only upon the employment agency from a decision adverse to it. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ In the Matter of the Estate of THOMAS F. MONAHAN, Deceased. PETER W. QUINN, Appellant; HARRY G. FLETCHER, JR., et al., as Executors of THOMAS F. FLETCHER, JR., Deceased, et al., Respondents.— In a proceeding by Peter W. Quinn, an attorney at law (as an alleged creditor of the intestate, Thomas F. Monahan, deceased), for his appointment as administrator *de bonis non* of the estate, in which the executors of the intestate's deceased sole distributee, claiming a prior right to such appointment (Surrogate's Ct. Act, § 118, subd. 6), filed a cross petition for such appointment, the said Peter W. Quinn appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Westchester County, rendered June 21, 1963 after a nonjury trial upon the opinion-decision of the Surrogate, dismissing his petition and granting the executor's cross petition, as denied his " request," made by him in a supplemental affidavit filed in the proceeding, that the Surrogate strike out certain " personal references and allegations " concerning the petitioner contained in an affidavit submitted in behalf of the executors in opposition to his petition. The petitioner contends that since, under the statute (Surrogate's Ct. Act, § 118), appointment of the executors as administrators *de bonis non* was mandatory, such personal references and allegations are " scandalous, unnecessary, irrelevant and impertinent " and should be expunged. Decree, insofar as appealed from, affirmed, with costs to the respondents (other than the Public Administrator of Westchester County) payable out of the estate. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.